UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 22-184** |
| **DEANDRE CROSS** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Deandre Cross's Motion to Compel the Government to Inspect District Attorney's File for *Brady* Material (Doc. 58). A hearing was held on February 15, 2024. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On August 18, 2022, Defendant Deandre Cross was charged in a one-count Indictment with assault on a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and 111(b). The Indictment follows an incident that occurred on June 8, 2022, in which Defendant allegedly drove a vehicle into the passenger-side door of a U.S. Marshal's vehicle, causing it to slam shut and injure a federal officer's arm.[1] As a result, Defendant was arrested by local law enforcement.[2]

---

[1] Doc. 58-1 at 1.
[2] *Id.* at 2.

1

Defendant made his initial appearance in Orleans Parish Magistrate Court ("State Court") on June 9, 2022, and the Orleans Parish District Attorney ("the DA") filed a bill of information in the State Court on November 2, 2022, charging him with reckless operation of a vehicle, aggravated assault on a peace officer, and hit and run driving ("State Charges").[3] When Defendant appeared for his arraignment on the state charges on December 6, 2022, he was arrested by federal agents and notified of his federal indictment.[4] The DA dismissed the State Charges on January 10, 2023.[5]

On February 23, 2023, the Federal Public Defender's investigator requested the DA's closed file from Defendant's case in State Court. The DA produced a 95-page file, with 27 of those pages redacted. Defendant's counsel then asked the federal prosecutor to "obtain and review the redacted pages and disclose any material that is required to be disclosed under *Brady* and its progeny."[6] The prosecutor refused, stating that it is not obligated to review the DA's file under *Brady v. Maryland*. Now before the Court is Defendant Deandre Cross's Motion to Compel the Government to Inspect District Attorney's File for *Brady* Material. The Government opposes.[7]

## LEGAL STANDARD

Under *Brady v. Maryland*, a defendant's due process rights are violated if the government withholds evidence that is favorable to the accused and material to the defendant's guilt or punishment.[8] Accordingly, *Brady* imposes

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Doc. 70.
[8] 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material

a duty on the prosecution to "produce certain evidence actually or constructively in its possession or accessible to it in the interests of inherent fairness."[9] This duty includes learning of any favorable evidence "known to the others acting on the government's behalf in the case, including the police."[10] "It is well settled that if a member of the prosecution team has knowledge of *Brady* material, such knowledge is imputed to the prosecutors."[11] Thus, to define the scope of the prosecution's *Brady* obligation, courts must conduct a "case-by-case analysis of the extent of interaction and cooperation between the [prosecutor and alleged member of the prosecutorial team]."[12]

## LAW AND ANALYSIS

Defendant Cross argues that his "federal indictment arose during a multi-agency task force investigation that involved state and local law enforcement," and that such cooperation is extensive enough to expand the scope of the federal prosecutor's *Brady* obligation to include inspecting the DA's files. The Government, however, argues that the DA played absolutely no role in the prosecution of this case. In reply, Defendant avers that the Fifth Circuit and Supreme Court have held that "the prosecution has a duty to affirmatively seek out potential *Brady* material that is accessible—not just produce *Brady* material that it already physically possesses."[13]

As a preliminary matter, the Court must address Defendant's statement of the prosecution's duties under *Brady*. "*Brady* is not a discovery rule, but a

---

either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution.").
[9] United States v. Auten, 632 F.2d 478, 481 (5th Cir. 1980).
[10] Kyles v. Whitley, 514 U.S. 419, 437 (1995).
[11] Avila v. Quarterman, 560 F.3d 299, 307 (5th Cir. 2009).
[12] United States v. Antone, 603 F.2d 566, 569 (5th Cir. 1979).
[13] Doc. 77 at 2 (citing *Auten*, 632 F.2d at 481) (emphases omitted).

3

rule of fairness and minimum prosecutorial obligation."[14] Contrary to Defendant's contention, the affirmative duty to seek out *Brady* material only extends to "others acting on the government's behalf in the case."[15] At oral argument, the Government explained that, on the date of Defendant's arrest, U.S. Marshals and the New Orleans Police Department ("NOPD") were jointly operating as part of a fugitive task force. Defendant was arrested by NOPD and held in state custody. After independent investigations by the FBI and NOPD, the Government provided Defendant with all law enforcement reports and statements. Accordingly, the narrow issue before the Court is whether the Orleans Parish District Attorney is part of the federal prosecutorial team, which in turn requires "extensive cooperation between the investigative agencies," such that the "state investigators functioned as agents of the federal government under the principles of agency law."[16]

As to the extent of cooperation, Defendant principally argues that because the state investigation and prosecution proceeded for six months before the federal government arrested him and adopted his State Charges, the DA's file is material to the federal prosecution stemming from the same incident, and the federal prosecutor has a duty to search it for *Brady* material.[17] Defendant's argument wholly fails to establish that the DA and federal prosecutors cooperated extensively, or even at all. Rather, the arguments raised in briefing and at oral argument demonstrate the parallel—rather than collaborative—nature of Defendant's federal and state charges.

---

[14] United States v. Beasley, 576 F.2d 626, 630 (5th Cir. 1978) (citing United States v. Agurs, 427 U.S. 97, 107 (1976)). *See also* United States v. Vaellino, 136 F.3d 249, 255 (2d Cir. 1998) ("[T]he imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would condemn the prosecution of criminal cases to a state of paralysis." (internal quotation marks omitted)).
[15] *Kyles*, 514 U.S. at 437.
[16] *Antone*, 603 F.2d 566, 569–70.
[17] Doc. 58-1 at 5.

4

The Government vehemently denies that the DA was "involved in any way with the federal case against the defendant."[18] At oral argument, the Government explained to the Court that the decision to pursue federal charges against Defendant was made immediately after his arrest by NOPD and independent of any decision by the DA to proceed with state charges. The Government further avers that the DA had no decision-making role in this case. The parallel nature of these charges is further evidenced by the fact that Defendant was indicted by a federal grand jury on August 18, 2022, more than two weeks before the Orleans Parish District Attorney filed its bill of information in Orleans Parish Criminal Court. Moreover, Defendant fails to cite any case where any court has held that the DA becomes a member of the federal prosecutorial team when a federal prosecutor adopts pending state charges.

Accordingly, this Court finds that the DA did not extensively collaborate with the federal government such that the DA was a member of the federal prosecutorial team under principles of agency law. The federal prosecutor owes no duty to Defendant under *Brady v. Maryland* to compel the DA's disclosure of its redacted files and to search it for *Brady* material.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 21st day of February, 2024.

---

[18] Doc. 70 at 3.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**