**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 22-184** |
| **DEANDRE CROSS** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Deandre Cross's Motion to Dismiss the Indictment for Failure to State an Offense (Doc. 56). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On August 18, 2022, Defendant Deandre Cross was charged in a one-count Indictment with assault on a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and 111(b). The indictment specifically charged:

> On or about June 8, 2022, in the Eastern District of Louisiana, the defendant, Deandre Cross, did knowingly assault, resist, oppose, impede, intimidate and interfere with B.T., a Special Agent with the Department of Homeland Security, while B.T. was engaged in the performance of her official duties, and during the commission of such acts, used a deadly or dangerous weapon: to wit, a white Buick Lacrosse, and inflicted bodily injury to B.T., in violation of Title 18, United States Code, Sections 111(a)(1) and 111(b).[1]

[1] Doc. 1 at 1–2.

Now before the Court is Defendant Deandre Cross's Motion to Dismiss the Indictment for Failure to State an Offense. The Government opposes.[2]

## LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c) requires that an indictment contain "a plain, concise and definite written statement of the essential facts constituting the offense charged," and state for each count, "the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated."[3] "In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated."[4] "[I]t is well settled that an indictment must set forth the offense with sufficient certainty to apprise the accused of the crime with which he is charged."[5] The test for sufficiency is "not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards."[6] To pass constitutional muster, "an indictment must '(1) enumerate each prima facie element of the charged offense; (2) fairly inform the defendant of the charge filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions.'"[7]

---

[2] Doc. 68.

[3] FED. R. CRIM. P. 7(c).

[4] United States v. Crow, 164 F.3d 229, 234 (5th Cir. 1999) (citing United States v. Hogue, 132 F.3d 1087, 1089 (5th Cir. 1998)).

[5] United States v. Kay, 359 F.3d 738, 742 (5th Cir. 2004) (quoting United States v. Bearden, 423 F.2d 805, 810 (5th Cir. 1970)) (quotation marks omitted).

[6] *Id.* (quoting United States v. Ramirez, 233 F.3d 318, 323 (5th Cir. 2000)).

[7] United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000) (quoting United States v. Gaytan, 74 F.3d 545, 551 (5th Cir. 1996)). *See also* Hamling v. United States, 418 U.S. 87, 117 (1974)).

## LAW AND ANALYSIS

Defendant argues that his Indictment must be dismissed because it charged a lower *mens rea* than required by statute. Specifically, Defendant contends that the term "forcibly," as used in the statute, means "intentionally," which is a higher *mens rea* than acting "knowingly" as set forth in the Indictment. The Government responds that the Indictment adequately conveys the *mens rea* element of the offense, ultimately suggesting that the parties disagree as to the *mens rea* required by 18 U.S.C. § 111.

For the Indictment to pass constitutional muster, it "must allege each material element of the offense."[8] "By any standards, the *mens rea* element is 'material' or 'essential.'"[9] 18 U.S.C. § 111(a)(1) punishes anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a federal officer] while engaged in or on account of the performance of official duties."[10] Subsection 111(b) further provides an "enhanced penalty" for whoever "in the commission of any acts described in subsection (a) uses a deadly or dangerous weapon . . . or inflicts bodily injury."[11]

Even assuming Defendant's arguments regarding the *mens rea* of this offense hold true,[12] the Fifth Circuit has squarely addressed the argument raised by Defendant. In *United States v. Flood*, the defendant argued that failure to include the term "intentionally" warranted dismissal of his

---

[8] United States v. Berrios-Centeno, 250 F.3d 294, 297 (5th Cir. 2001) (quoting United States v. Cabrera–Teran, 168 F.3d 141, 143 (5th Cir. 1999)) (internal quotations omitted).
[9] *Id.* (citing Morissette v. United States, 342 U.S. 246, 250 (1952)).
[10] 18 U.S.C. § 111(a)(1).
[11] *Id.* § 111(b).
[12] At this time, the Court declines to address the issue of whether 18 U.S.C. § 111 is a general or specific intent offense. The Government has specifically moved for this Court to make a pretrial determination on general intent, and the submission date for that motion has not passed. *See* Doc. 63.

indictment charging him under 18 U.S.C. § 111.[13] However, the Fifth Circuit held that the inclusion of technical "intent terms" in an indictment is unnecessary where the statute itself contains no such terms.[14]

Here, the Indictment charges that Defendant "did knowingly assault, resist, oppose, impede, intimidate and interfere with B.T., a Special Agent with the Department of Homeland Security, while B.T. was engaged in the performance of her official duties, and during the commission of such acts, used a deadly or dangerous weapon: to wit, a white Buick Lacrosse, and inflicted bodily injury to B.T."[15] Like the indictment in *Flood*, this charge follows almost verbatim the language of § 111, which makes no reference to willfulness or intent. The Indictment's factual averment fairly informs Defendant of the charge filed against him and provides him with a double jeopardy defense against future prosecutions.[16] Accordingly, this Court finds that the Indictment adequately conveys the *mens rea* required by § 111 and provides Defendant with notice that allows him to intelligently consider his defense.[17]

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 21st day of February, 2024.

---

[13] 586 F.2d 391, 392 (5th Cir. 1978).

[14] *Id.* (quoting United States v. Purvis, 580 F.2d 853, 859 (5th Cir. 1978)).

[15] Doc. 1.

[16] *See Flood*, 586 F.2d at 392; *Guzman-Ocampo*, 236 F.3d at 236. Defendant's concerns with the Indictment's use of the term "knowingly" may be resolved with a jury instruction regarding the intent necessary for a conviction. *See Flood*, 586 F.2d at 392.

[17] *See* United States v. Angeles–Mascote, 206 F.3d 529, 532 (5th Cir. 2000) ("An indictment is intended to provide notice to the defendant that allows him to intelligently consider his defense or plea.").

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**