UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 22-184** |
| **DEANDRE CROSS** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is the Government's Motion in Limine and for a Pretrial Determination on General Intent (Doc. 63). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

On August 18, 2022, Defendant Deandre Cross was charged in a one-count Indictment with assault on a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and 111(b). The Indictment followed an incident that occurred on June 8, 2022, in which Defendant allegedly drove a vehicle into the passenger-side door of a U.S. Marshal's vehicle, causing it to slam shut and injure a federal officer's arm.[1] Now before the Court is the Government's Motion in Limine and for Pretrial Determination on General Intent. Defendant opposes.[2]

---

[1] Doc. 58-1 at 1.
[2] Doc. 79.

1

## LEGAL STANDARD

Federal Rule of Evidence 402 plainly provides that "[i]rrelevant evidence is not admissible." Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[3] Nevertheless, otherwise relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[4] "A district court has broad discretion in assessing admissibility under Rule 403."[5]

## LAW AND ANALYSIS

The Government moves this Court for (1) a pretrial determination that conviction pursuant to 18 U.S.C. § 111 requires that the defendant acted with general intent, and (2) an order precluding the introduction of any evidence or arguments relating to specific intent. Defendant responds that, pursuant to Fifth Circuit precedent, Supreme Court precedent, the Government's briefs submitted before another court, and the Fifth Circuit's Pattern Jury Instructions, a conviction pursuant to § 111 requires that a defendant acted with specific intent.

The statute at issue, 18 U.S.C. § 111, punishes anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a federal

---

[3] Hicks-Fields v. Harris Cty., 860 F.3d 803, 809 (5th Cir. 2017) (quoting Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 425 (5th Cir. 2006)).
[4] FED. R. EVID. 403.
[5] United States v. Morris, 79 F.3d 409, 412 (5th Cir. 1996).

officer] while engaged in or on account of the performance of official duties."[6] Section 111 further provides that a violator

> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this tittle or imprisoned not more than three years, or both.[7]

Lastly, the statute provides an "enhanced penalty" of up to ten years' imprisonment for assaults where a violator "uses a deadly dangerous weapon . . . or inflicts bodily injury."[8] While the statute appears to provide for certain "enhanced penalties," the Fifth Circuit has interpreted § 111 to prohibit three separate crimes: (1) "simple assault" that does not involve touching, (2) serious felony assault with a deadly or dangerous weapon, and (3) all other cases, i.e., assault that involves contact but does not result in bodily injury or involve a weapon.[9] Defendant was charged in the Indictment under §§ 111(a)(1) and (b), which includes all three offenses.[10] The Court now considers whether the Supreme Court or Fifth Circuit have addressed the precise issue before it.

> In *United States v. Feola*, the Supreme Court declared that:

> [I]n order to effectuate the congressional purpose of according maximum protection to federal officers by making prosecution for assaults upon them cognizable in the federal courts, § 111 cannot be construed as embodying an unexpressed requirement that an assailant be aware that his victim is a federal officer. All that the statute requires is an intent to assault, not an intent to assault a federal officer.[11]

---

[6] 18 U.S.C. § 111(a)(1).
[7] *Id.* § 111(a).
[8] *Id.* § 111(b); United States v. Ramirez, 233 F.3d 318, 321 (5th Cir. 2000).
[9] *Ramirez*, 233 F.3d at 321.
[10] Doc. 1 at 2.
[11] United States v. Feola, 420 U.S. 671, 684 (1975).

While the Supreme Court held that a defendant need only act with general intent with respect to the requirement that the victim be a federal officer, it has not yet addressed the *mens rea* required for the other elements of § 111. Because the Supreme Court has instructed that clear analysis requires consideration of the *mens rea* for each material element of an offense, this Court must consider the culpability required for the remaining elements of § 111 at issue in this case.[12]

      Defendant first argues that Fifth Circuit precedent has already addressed the *mens rea* of those remaining elements of § 111, holding that specific intent is required. In support of this argument, Defendant cites to three cases: *Burke v. United States*,[13] *United States v. Flood*,[14] and *United States v. Taylor*.[15] Defendant also cites to the opinions of other federal circuit courts that have concluded that the Fifth Circuit has held that § 111 is a specific intent crime. As the Second Circuit in *United States v. Melhuish* clearly recognized, however, "[t]he First, Fifth, and Tenth Circuits have issued decisions with language *arguably suggesting* a specific intent requirement, but none of these decisions directly analyzed whether § 111 is a specific or general intent crime such that a defendant can offer evidence to negate the *mens rea* element."[16] In considering the Fifth Circuit's opinions in *Burke*, *Flood*, and *Taylor*, this Court finds that the Fifth Circuit has not yet considered the precise issue of whether § 111 requires that a defendant acted with general or specific intent when he or she forcibly assaulted a federal officer and, if charged under § 111(b), used a deadly or dangerous weapon or inflicted bodily injury.

---

[12] *Bailey*, 444 U.S. at 406.
[13] 400 F.2d 866 (5th Cir. 1968).
[14] 586 F.2d 391 (5th Cir. 1978).
[15] 680 F.2d 378 (5th Cir. 1982).
[16] United States v. Melhuish, 6 F.4th 380, 396 n.7 (2d Cir. 2021) (first emphasis added).

In *Burke*, the Fifth Circuit considered the concise question of whether a conviction under § 111 "comports with the law upon proof that the accused willfully (sic) assaulted a federal official covered by the protection of the act, without either allegation nor proof that when so assaulting the accused knew that the victim was a federal agent."[17] In holding that § 111 does not require an allegation or proof that a defendant knew the victim was a federal agent, the Fifth Circuit made clear that the "appeal raises only this point."[18] In dicta, the court clarified the scope of its holding to forcible assault—rather than to resisting, opposing, impeding, intimidating, or interfering—which requires a "willful (sic) and intentional forcible course of conduct."[19] The quoted language, however, appears to be a sourced from the district court's jury charge defining "assault" and "forcible assault,"[20] which were not challenged on appeal and therefore not an issue before the Fifth Circuit.

In *Flood*, the Fifth Circuit rejected a defendant's argument that his indictment should have been dismissed for failure to explicitly charge him with "intentionally" assaulting the federal officer. Borrowing language from its previous decision in *United States v. Purvis*, the court reasoned that "[t]he inclusion of 'technical "intent" terms' in an indictment is 'unnecessary where the statute itself contains no such terms and the indictment clearly sets forth a charge of specific intent in the factual averment."[21] The defendant in *Purvis*, however, was convicted of conspiracy against rights of citizens in violation of 18 U.S.C. § 241, an established specific intent crime.[22] The quoted language,

---

[17] *Burke*, 400 F.2d at 867.
[18] *Id.*
[19] *Id.* at 868.
[20] *See id.*
[21] *Flood*, 586 F.2d at 392 (quoting United States v. Purvis, 580 F.2d 853, 859 (5th Cir. 1978)).
[22] *Purvis*, 580 F.2d at 857 (citing United States v. Guest, 383 U.S. 745, 760 (1966)) ("In its argument, the Government correctly recognizes that it must prove specific intent to deprive

5

without more, fails to satisfy this Court that the Fifth Circuit has considered the issue and expressly held that § 111 is a specific intent crime.

In *Taylor*, the Fifth Circuit affirmed a district court's supplemental jury charge instruction on "willful intent" as it relates to § 111, which read:

> Was the defendant in such a state of mind that he was incapable of knowing that he was committing an assault? In other words, was the state of mind such that he simply didn't know what he was doing when he struck her.[23]

The Fifth Circuit concluded that the supplemental charge "correctly summarized appellant's argument" that his conduct was a "reflex or involuntary response."[24] The court's recognition that "[i]t is true that the appellant's defense was lack of specific intent, not temporary insanity" does not compel the conclusion that the Fifth Circuit has held that § 111 is a specific intent crime. The relevant issue before the court was whether the district court erred in instructing the jury on "temporary insanity"—not whether the statute required general or specific intent. Moreover, the Court held that the "reflex or involuntary response" defense accurately reflected the legal issues at hand,[25] and the "involuntary act" defense likewise applies to general intent crimes.[26] Thus, the Court is satisfied that the Fifth Circuit has not yet been presented with the issue before the Court today. The Court now considers the precise issue of whether the Government must prove, for a conviction under 18 U.S.C.

---

a citizen of constitutional rights to sustain a conviction under 18 U.S.C.A. § 241."). *See also* Screws v. United States, 325 U.S. 91 (1945) (holding that § 241 is a specific intent statute).

[23] *Taylor*, 680 F.2d at 381.

[24] *Id.*

[25] *Id.*

[26] *See* United States v. Myers, 104 F.3d 76, 79 (5th Cir. 1997) (applying the involuntary act defense to 18 U.S.C. § 875(c), a general intent crime); Holloway v. McElroy, 632 F.2d 605, 618 n.26 (5th Cir. 1980) ("By 'general intent' we mean intent in the sense that a person intends the consequences of his voluntary physical actions–e.g., an "intentional" shooting in self-defense.").

6

§ 111, that a defendant acted with general or specific intent when forcibly assaulting a federal officer and, for a conviction under § 111(b), using a dangerous weapon or inflicting bodily injury.

With few exceptions, "wrongdoing must be conscious to be criminal."[27] Accordingly, "mere omission from a criminal enactment of any mention of criminal intent" is not to be read "as dispensing with it."[28] Where Congress has omitted an explicit requirement of specific intent, general intent is to be presumed.[29] "[C]ourts have contrasted specific and general intent as follows: specific intent concerns willful and knowing engagement in criminal behavior, while general intent concerns willful and knowing acts."[30] "Thus, a defendant may not 'specifically intend' to act unlawfully, but he did 'intend' to commit the act."[31]

"[C]lear analysis requires that the question of the kind of culpability required to establish the commission of an offense be faced separately with respect to each material element of the crime[.]"[32] In analyzing criminal statutes, "courts obviously must follow Congress' intent as to the required level of mental culpability for any particular offense. Principles derived from common law as well as precepts suggested by the American Law Institute must bow to legislative mandates."[33] Element-by-element analysis, however, is not

---

[27] Ruan v. United States, 597 U.S. 450, 457 (2022) (quoting Elonis v. United States, 575 723, 734 (2015)) (internal quotation marks omitted). *See also* Morissette v. United States, 342 U.S. 246, 251 (1952).

[28] *Morissette*, 342 U.S. at 250.

[29] United States v. Hicks, 980 F.2d 963, 974 (5th Cir. 1992) (citing United States v. Lewis, 780 F.2d 1140, 1143 (4th Cir. 1986)). *See also* United States v. Myers, 104 F.3d 76, 81 (5th Cir. 1997) ("As a straightforward matter of textual interpretation, we will not presume that a statutory crime requires specific intent in the absence of language to that effect.").

[30] United States v. Berrios-Centeno, 250 F.3d 294, 299–300 (5th Cir. 2001).

[31] *Id.* at 300 (citing United States v. Parga–Rosas, 238 F.3d 1209, 1213 (9th Cir. 2001)).

[32] United States v. Bailey, 444 U.S. 394, 406 (1980).

[33] *Id.*

the only principle to be considered, especially when it would result in hair-splitting distinctions that Congress neither stated nor implied when it made the conduct criminal.[34]

First, the Court notes that the statute fails to expressly set forth a specific "intent" requirement.[35] Because § 111 fails to expressly set forth a specific "intent" requirement, the Court begins with the presumption that § 111 is a general intent crime.[36] "When it intends to create a specific intent crime, Congress explicitly says so."[37] Indeed, in § 111(a), Congress prohibited "acts involv[ing] physical contact with the victim of that assault *or the intent to commit another felony*."[38] Where Congress has shown "careful draftsmanship" by including an intent requirement an offense under one subsection of § 111, the Court would find difficulty holding that Congress's omission of an intent requirement in the other subsections was mere oversight.[39]

Though not binding on this Court, this interpretation comports with the Fifth Circuit's Pattern Jury Instructions, which provide that, for a conviction under § 111, the Government must prove beyond a reasonable doubt, at a minimum, that (1) the defendant forcibly assaulted a federal officer, (2) the

---

[34] *Id.*
[35] *See* 18 U.S.C. § 111; *Flood*, 586 F.2d at 392 ("The indictment thus followed almost verbatim the language of 18 U.S.C. § 111, which makes no reference to willfulness or intent.").
[36] *Myers*, 104 F.3d at 81.
[37] United States v. Kimes, 246 F.3d 800, 808 (comparing 18 U.S.C. § 111 to 18 U.S.C. § 113(a)(1), which provides that "assault with the intent to commit murder" in the maritime and territorial jurisdiction of the U.S. is a crime).
[38] 18 U.S.C. § 111(a)(2) (emphasis added).
[39] *See* United States v. Gonyea, 140 F.3d 649, 654 (6th Cir. 1998) (holding that because "Congress showed 'careful draftsmanship' by including an intent requirement in the second paragraph, but not the first paragraph, of [18 U.S.C.] § 2113(a), we hold that the first paragraph of § 2113(a) describes a general intent crime."). *See also* United States v. Williams, 602 F.3d 313, 317 (5th Cir. 2010) (quoting United States v. Gagnon, 553 F.3d 1021, 1026 (6th Cir. 2009)) ("Under this reading, the phrase 'simple assault' is 'a term of art that includes the forcible performance of any of the six proscribed actions in § 111(a) *without* the intent to cause physical contact or to commit a serious felony.'").

federal officer was forcibly assaulted while performing her official duty or on account of the performance of official duties, and (3) the defendant did such acts *intentionally*.[40] Indeed, general intent concerns intentional acts, as opposed to some unlawful purpose.[41]

This Court's interpretation is further supported by Congress's purpose in enacting § 111—to "accord[] maximum protection to federal officers by making prosecution for assaults upon them cognizable in the federal courts."[42] Rejecting a specific intent requirement furthers the congressional purpose in protecting "both federal officers and federal functions" by deterring a greater scope of forcible assault, resistance, opposition, intimidation, or interference.[43]

Moreover, a majority of circuits that have considered the question have interpreted § 111 to be a general intent statute. The Second, Fourth, Sixth, Seventh, Eighth, Eleventh, and D.C. Circuits have expressly held that § 111 is a general intent crime.[44] Comparatively, the First and Tenth Circuits have

---

[40] Fifth Circuit Pattern Jury Instructions § 2.07 (2019).

[41] *Berrios-Centeno*, 250 F.3d at 299 ("[G]eneral intent concerns willful and knowing *acts*. Thus, a defendant may not 'specifically intend' to act unlawfully, but he did 'intend' to commit the act."); *Bailey*, 444 U.S. at 405.

[42] *See Feola*, 420 U.S. at 684.

[43] *Id.* at 679; *Williams*, 602 F.3d at 317–18 ("Finally, the Sixth Circuit's approach is more consonant with the dual purpose of the statute, which, the Supreme Court has noted, is not simply to protect federal officers by punishing assault, but also to 'deter interference with federal law enforcement activities' and ensure the integrity of federal operations by punishing obstruction and other forms of resistance.").

[44] *Melhuish*, 6 F.4th at 394 (2d Cir. 2021) ("We hold that § 111 is a general intent crime."); United States v. Brown, 592 F. App'x 164 (4th Cir. 2014) ("Specific intent to violate the stattue is not required to be convicted under 18 U.S.C. § 111."); *Kimes*, 246 F.3d at 802 (6th Cir. 2001) ("Joining the majority of circuits that have expressed an opinion on the matter, we conclude . . . that assault on a federal officer of a general intent crime."); United States v. Ricketts, 146 F.3d 492, 497 (7th Cir. 1998) ("[W]e join other circuits in holding that § 111 is a general intent crime."); United States v. Gustus, 926 F.3d 1037, 1040 (8th Cir. 2019), *cert. denied*, 141 S. Ct. 130 (2020) (The voluntary-intoxication defense "is unavailable to defendants being charged with violating 18 U.S.C. § 111(a)(1) because assaulting a federal employee is a general-intent crime." (internal citations omitted)); United States v. Bates, 960 F.3d 1278, 1289 (11th Cir. 2020) ("§ 111 is a general intent crime regardless of the subsection at issue."); United States v. Kleinbart, 27 F.3d 586, 592 (D.C. Cir. 1994) ("[We]

"issued decisions with language arguably suggesting a specific intent requirement, but none of these decisions directly analyzed whether § 111 is a specific or intent crime such that a defendant can offer evidence to negate the *mens rea* requirement."[45] The Court finds the analyses of the circuit courts finding that § 111 is a general intent crime to be compelling. Accordingly, this Court holds that the Government must prove that Defendant acted with general intent when forcibly assaulting a federal officer and, for a conviction under § 111(b), using a dangerous weapon or inflicting bodily injury.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**.

New Orleans, Louisiana this 23rd day of February, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

conclude that forcible armed assault on a federal officer under 18 U.S.C. § 111 is a general intent crime.").

[45] *Melhuish*, 6 F.4th at 396 n.7 (citing United States v. Caruana, 652 F.2d 220, 223 (1st Cir. 1981); United States v. Simmonds, 931 F.2d 685, 687 (10th Cir. 1991)).