UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 22-184** |
| **DEANDRE CROSS** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court are Defendant Deandre Cross's Motion in Limine to Preclude Improper and Inadmissible Law Enforcement Testimony (Doc. 61); the Government's Motion in Limine to Exclude Expert Witness Testimony (Doc. 64); and the Government's Motion in Limine (Doc. 65). For the following reasons, Defendant's Motion in Limine to Preclude Improper and Inadmissible Law Enforcement Testimony (Doc. 61) is **DENIED IN PART** and **MOOTED IN PART**; the Government's Motion in Limine to Exclude Expert Witness Testimony (Doc. 64) is **GRANTED IN PART** and **DENIED IN PART**; and the Government's Motion in Limine (Doc. 65) is **GRANTED IN PART** and **MOOTED IN PART**.

### BACKGROUND

On August 18, 2022, Defendant Deandre Cross was charged in a one-count Indictment with assault on a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and 111(b). The Indictment followed an incident that occurred on

1

June 8, 2022, in which Defendant allegedly drove a vehicle into the passenger-side door of a U.S. Marshal's vehicle, causing it to slam shut and injure a federal officer's arm.[1] Now before the Court are Defendant's Motion in Limine to Preclude Improper and Inadmissible Law Enforcement Testimony (Doc. 61); the Government's Motion in Limine to Exclude Expert Witness Testimony (Doc. 64); and the Government's Motion in Limine (Doc. 65).

## LEGAL STANDARD

Federal Rule of Evidence 402 plainly provides that "[i]rrelevant evidence is not admissible." Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[2] Nevertheless, otherwise relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[3] "A district court has broad discretion in assessing admissibility under Rule 403."[4]

## LAW AND ANALYSIS

Defendant Deandre Cross and the Government have each made multiple motions in limine to preclude certain evidence and testimony. The Court considers each motion in turn.

---

[1] Doc. 58-1 at 1.
[2] Hicks-Fields v. Harris Cty., 860 F.3d 803, 809 (5th Cir. 2017) (quoting Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 425 (5th Cir. 2006)).
[3] FED. R. EVID. 403.
[4] United States v. Morris, 79 F.3d 409, 412 (5th Cir. 1996).

### *1. Defendant's Motion in Limine to Preclude Improper and Inadmissible Law Enforcement Testimony (Doc. 61)*

Defendant moves this Court to prohibit the Government from eliciting the following testimony from its law enforcement: (1) improper hearsay, (2) information about the target or details of the investigation that led agents to the location of the incident involving Mr. Cross, (3) inadmissible lay opinions, (4) speculation about Mr. Cross's intent or state of mind, and (5) irrelevant testimony regarding any emotional harm experienced by the alleged victim, B.T. The Government opposes. The Court considers each item of evidence in turn.

#### *a. Improper Hearsay*

Defendant argues that the Government should be precluded from introducing improper hearsay through the testimony of law enforcement witnesses.[5] The Government responds that "law enforcement officers should be permitted to 'provide context for their investigation' or 'explain background facts.'"[6] Out-of-court statements are inadmissible hearsay only if offered for the truth of the matter asserted.[7] "Out-of-court statements providing background information to explain the actions of investigators are not hearsay."[8] While the Court remains aware that "[b]ackdooring highly inculpatory hearsay via an explaining-the-investigation rationale is a recurring problem,"[9] Defendant's objection is context-specific. In his Motion in Limine, Defendant is vague as to the precise statements he wishes to exclude as improper hearsay, and it is impossible to predict all such statements that will be made by the Government

---

[5] Doc. 61-1 at 4.
[6] Doc. 81 at 4 (quoting United States v. Kizzee, 877 F.3d 650, 659 (5th Cir. 2017)).
[7] FED. R. EVID. 801(c); FED. R. EVID. 802.
[8] United States v. Carrillo, 20 F.3d 617, 619 (5th Cir. 1994) (citing United States v. Gonzales, 967 F.2d 1032, 1035 (5th Cir. 1992)).
[9] United States v. Sharp, 6 F.4th 573, 582 (5th Cir. 2021) (citations omitted).

at trial. Accordingly, Defendant's Motion to preclude improper hearsay is **DENIED WITHOUT PREJUDICE** to the right to be raised at trial.

### b. *Information about the Target or Details of Investigation that Led Agents to the Location of the Incident Involving Defendant*

Defendant argues that the Court should preclude testimony "about J.P. or the details of the investigation that led officers to Arcadia Lane," because it is irrelevant and poses a high risk of unfair prejudice, confusing the issues, and misleading the jury.[10] The Government responds that this is relevant background information, which is not hearsay, and it is highly relevant to prove defendant's knowledge and intent to forcibly assault, resist, oppose, impede, intimidate, or interfere with law enforcement.[11]

Indeed, it is well established in the Fifth Circuit that "the government may not attempt to prove a defendant's guilt by showing that [he] associates with 'unsavory characters.'"[12] The Fifth Circuit has explained that evidence of "guilt by association" is inadmissible because it is both irrelevant and, even if relevant, unduly prejudicial.[13] The Government contends that any reference to J.P. would not be introduced to show that Defendant "knew or was related to criminals."[14] Because this objection is context-specific, Defendant's Motion to preclude information about the target or details of investigation that led agents to the location of the incident involving Defendant is **DENIED WITHOUT PREJUDICE** to the right to be raised at trial.

---

[10] Doc. 61-1 at 5–6.
[11] Doc. 81 at 6.
[12] United States v. Polasek, 162 F.3d 876, 884 (5th Cir. 1998) (quoting United States v. Singleterry, 646 F.2d 1014, 1018 (5th Cir. 1981)).
[13] United States v. Ocampo–Vergara, 857 F.3d 303, 307 (5th Cir. 2017) (citing FED. R. EVID. 401; FED. R. EVID. 402; FED. R. EVID. 403; *Polasek*, 162 F.3d at 884 n.2).
[14] Doc. 81 at 6.

### c. *Inadmissible Lay Opinions*

Defendant next moves this Court to exclude inadmissible lay opinions by law enforcement regarding their observations of Defendant's driving or conduct, jail calls involving Defendant, and security video footage from a Regional Transit Authority ("RTA") bus.[15] The Government responds that content of the jail calls and RTA video will "speak for itself," and that it does not intend to elicit any "testimony purporting to describe, summarize, explain, or otherwise opine about the meaning of those recordings."[16] Accordingly, the Motion to Exclude Inadmissible Lay Opinions on the jail calls and RTA video is **DENIED AS MOOT**. In the event that the Government finds that this evidence becomes relevant and wishes to introduce testimony regarding the same, a request to approach the bench should be made to request permission from the Court to introduce the same.

As to Defendant's objection regarding Defendant's driving or conduct, the Government responds that "law enforcement officers can certainly testify *how* Cross's forcible behavior impeded or interfered with their investigation," which does not require an opinion or specialized training under Federal Rule of Evidence 702.[17] Because this objection is context-specific, Defendant's Motion to preclude improper hearsay is **DENIED WITHOUT PREJUDICE** to the right to be raised at trial.

### d. *Speculation about Mr. Cross's Intent or State of Mind*

Defendant argues that the Court should preclude any evidence or testimony as to Defendant's state of mind or intent under Federal Rule of Evidence 602.[18] The Government responds that it does not intend to elicit such

---

[15] Doc. 61-1 at 8–9.
[16] Doc 81 at 7 (quoting Doc. 61-1 at 8).
[17] *Id.* (emphasis in original).
[18] Doc. 61-1 at 12.

testimony.[19] Accordingly, the Defendant's Motion to preclude testimony as to his intent or state of mind is **DENIED AS MOOT**. In the event that the Government finds that this evidence becomes relevant and wishes to introduce testimony regarding the same, a request to approach the bench should be made to request permission from the Court to introduce the same.

### e. Irrelevant Testimony Regarding Any Emotional Harm Experienced by the Alleged Victim, B.T.

Defendant last moves to exclude any testimony by B.T. regarding any "emotional or psychological harm she may have experienced."[20] The Government responds that it does not intend to elicit such testimony from B.T.[21] Accordingly, the Defendant's Motion to preclude testimony by B.T. regarding any emotional or psychological harm she may have sustained is **DENIED AS MOOT**. In the event that the Government finds that this evidence becomes relevant and wishes to introduce testimony regarding the same, a request to approach the bench should be made to request permission from the Court to introduce the same.

## 2. Government's Motion in Limine to Exclude Expert Witness Testimony (Doc. 64)

The Government moves this Court to exclude the testimony of Defendant's expert witnesses, Shannon Bierma, PhD and Wayne Winkler. The Court considers each witness in turn.

### a. Shannon Bierma, PhD

The Government contends that Dr. Bierma "intends to testify that the defendant has a mild intellectual disability and Generalized Anxiety Disorder

---

[19] Doc. 81 at 7.
[20] Doc. 61-1 at 12.
[21] Doc. 81 at 7–8.

6

with panic and phobic traits which cause him to 'significantly struggle in times of stress or pressure.'"[22] The Government argues that, because Defendant has not filed a notice of insanity defense as required by Federal Rule of Criminal Procedure 12.2(a), this appears to be an attempt to raise an "improper diminished capacity defense and should be excluded in its entirety."[23] Defendant agrees that Dr. Bierma's testimony will be used "to show that Mr. Cross did not form the requisite intent to commit the unlawful act."[24]

Rule 702 imposes an obligation upon district courts to ensure that scientific testimony is both relevant and reliable.[25] In this Court's Order and Reasons on February 23, 2024, the Court held that, under 18 U.S.C. § 111, the Government must prove that Defendant acted with general intent when forcibly assaulting a federal officer and, for a conviction under § 111(b), using a dangerous weapon or inflicting bodily injury.[26] Diminished capacity is, however, not a defense to general intent crimes.[27] Accordingly, Defendant's expert testimony on diminished capacity is inadmissible because it is irrelevant. The Government's Motion to Exclude the Expert Testimony of Shannon Bierma, PhD is **GRANTED**.

---

[22] Doc. 64-1 at 3.
[23] *Id.* (citing United States v. Pohlot, 827 F.2d 889, 890–91 (3d Cir. 1987)).
[24] Doc. 88 at 4. At the time the parties' briefs were filed, the Court had not yet addressed the question of whether § 111 is a specific or general intent crime. Therefore, Defendant contends, in briefing, that the "requisite intent" is specific intent.
[25] Kuhmo Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999) (internal citations omitted).
[26] Doc. 100.
[27] United States v. Kimes, 246 F.3d 800, 806 (6th Cir. 2001) (quoting United States v. Gonyea, 140 F.3d 649, 650 (6th Cir. 1998) ("[D]iminished capacity may be used only to negate the mens rea of a *specific intent* crime." (emphasis in original)). *See also* United States v. Eff, 524 F.3d 712, 720 n.11 (5th Cir. 2008) ("[Defendant] argues that 'diminished capacity' evidence is admissible to 'defeat the mental state requirement of a specific intent crime.' Even if this legal proposition is correct, as numerous other circuits have concluded," Defendant failed to explain how his mental condition negated his intent. (citing United States v. Cameron, 907 F.2d 1051, 1062–66 (11th Cir. 1990))); 7th Circuit Federal Crim. Jury Instructions § 6.09(B) Committee Comment (2023 ed.) ("Diminished capacity is not a defense to a general intent crime . . . .").

### b. *Wayne Winkler*

The Government moves to exclude the testimony of Wayne Winkler, an expert in traffic accident reconstruction, because it will be used to argue a lack of specific intent, and his opinions are undisputed or obvious.[28] Defendant responds that Wayne Winkler's testimony is not only relevant to specific intent but also as to (1) whether he used his vehicle as a dangerous or deadly weapon, (2) whether the impact of the car could have inflicted "bodily injury" to B.T., and (3) whether the government spoliated evidence.[29]

Because the Government bears the burden of proving beyond a reasonable doubt that Defendant intentionally assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer, among other elements of 18 U.S.C. § 111, Mr. Winkler's expert testimony is relevant. The heart of the case centers around the collision, and no video footage of the collision exists, rendering this testimony helpful to the factfinder.

The Government next argues that his testimony should be excluded under Rule 403. Under Federal Rule of Evidence 403, relevant evidence may be excluded by a Court if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[30] "A district court has broad discretion in assessing admissibility under Rule 403."[31] Exclusion under Rule 403 should be used sparingly.[32]

Here, the Court finds that the probative value is not substantially outweighed by the danger of confusing the issues or misleading the jury. Mr.

---

[28] Doc. 64-1 at 6.
[29] Doc. 88 at 9.
[30] FED. R. EVID. 403.
[31] United States v. Morris, 79 F.3d 409, 412 (5th Cir. 1996).
[32] United States v. Pace, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

Winkler's testimony regarding the circumstances of the collision wherein Defendant is alleged to have intentionally assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer, either inflicting bodily injury to the officer or committing the act with use of a deadly or dangerous weapon, is relevant, particularly where the Government intends to introduce its own witnesses to testify about their recollection of the collision and in the absence of video footage of the collision. Further, there is little-to-no risk of confusing the issues or misleading the jury. Accordingly, Rule 403 does not warrant exclusion of Mr. Winkler's testimony.

The Court notes, however, that this expert testimony is relevant only as to Mr. Winkler's observations of the physical damage sustained by the vehicles, the placement of the vehicles at the time of the collision, and his opinions thereof. Mr. Winkler may not "state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged,"[33] nor may he opine as to whether the collision could have caused bodily injury. Accordingly, the Government's Motion to Exclude the Expert Testimony of Wayne Winkler is **DENIED IN PART**.

The Government alternatively requests a pretrial *Daubert* hearing due to the "prejudicial nature of the proposed experts' testimony, and the lack of Rule 702 justification provided by the defendants."[34] *Daubert* hearings are part of a court's "gatekeeping function" in "making findings about the witness's qualifications to give expert testimony."[35] A district court has discretion in deciding whether to hold a *Daubert* hearing.[36] Here, Mr. Winkler's

---

[33] FED. R. EVID. 704(b).
[34] Doc. 64-1 at 10.
[35] Carlson v. Bioremedi Therapeutic Sys., Inc., 822 F.3d 194, 201 (5th Cir. 2016) (internal citations omitted).
[36] *See id.* at 198.

qualifications, facts and data relied upon, principles and methods, and application to this case are not disputed. His curriculum vitae and expert disclosure clearly establish the extent to which his opinions may be deemed reliable and relevant in this matter.[37] Accordingly, a *Daubert* hearing is unnecessary to rule on the Government's Motion to Exclude the Expert Testimony of Wayne Winkler.[38]

### 3. Government's Motion in Limine (Doc. 65)

The Government moves this Court to exclude any evidence or argument regarding prosecutorial discretion, prior police conduct and encounters, possible punishment or hardship Defendant faces if he is convicted, interview reports prepared by law enforcement agents, and jury nullification. In response, Defendant avers that he does not intend to introduce any evidence or make arguments regarding prosecutorial discretion, prior police conduct and encounters, possible punishment or hardship Cross faces if he is convicted, and jury nullification. Defendant, however, opposes the Government's motion to exclude evidence and arguments regarding interview reports prepared by law enforcement agents.

As to the Government's Motion to preclude evidence or argument of prosecutorial discretion, prior police conduct and encounters, possible punishment or hardship Cross faces if he is convicted, interview reports prepared by law enforcement agents, and jury nullification, the Motion is **DENIED AS MOOT**. In the event that Defendant finds that this evidence becomes relevant and wishes to introduce testimony regarding the same, a request to approach the bench should be made to request permission from the Court to introduce the same.

---

[37] *See* Walker v. Caldwell, 603 F. Supp. 3d 449, 458 (N.D. Miss. 2022).
[38] *See id.*; Doc. 64-3 at 1–2 (expert disclosure); Doc. 64-3 at 3–15 (curriculum vitae).

10

As to the law enforcement reports, the Government asserts that investigative reports of witness interviews ("ROIs") may not be used to impeach witnesses because they are not statements of the witnesses, but rather, statements of the investigators who wrote the reports. Defendant responds that circumstances may arise where use of ROIs for impeachment would be permissible. Generally, ROIs are not prior statements of an interviewed witness.[39] Where an ROI contains a verbatim recitation of an interviewee's statement or where it is signed or adopted by the interviewee, however, the ROI is a prior witness statement.[40] To the extent that the ROI is not signed or adopted by a testifying witness, the Motion is **GRANTED IN PART**. Because Defendant argues that circumstances may arise where use of the ROI would be permissible, the Court notes that Defendant may use ROIs consistent with the law and Rules of Evidence.

## CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine to Preclude Improper and Inadmissible Law Enforcement Testimony (Doc. 61) is **DENIED IN PART** and **MOOTED IN PART**; the Government's Motion in Limine to Exclude Expert Witness Testimony (Doc. 64) is **GRANTED IN PART** and **DENIED IN PART**; and the Government's Motion in Limine (Doc. 65) is **GRANTED IN PART** and **MOOTED IN PART**.

New Orleans, Louisiana this 28th day of February, 2024.

---

[39] Palermo v. United States, 360 U.S. 343, 349–52 (1959).
[40] *Id.*; United States v. Merida, 765 F.2d 1205, 1215 (5th Cir. 1985).

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

12