UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 22-184** |
| **DEANDRE CROSS** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are Defendant Deandre Cross's Motion in Limine to Preclude Evidence and Testimony Related to the Defendant's Clothing (Doc. 62) and Defendant's Motion in Limine to Exclude Proposed Government Exhibits (Doc. 113). For the following reasons, Defendant's Motion in Limine to Preclude Evidence and Testimony Related to the Defendant's Clothing is **DEFERRED** to trial, and Defendant's Motion in Limine to Exclude Proposed Government Exhibits (Doc. 113) is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART** to trial.

## BACKGROUND

On August 18, 2022, Defendant Deandre Cross was charged in a one-count Indictment with assault on a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and 111(b). The Indictment followed an incident that occurred on June 8, 2022, in which Defendant allegedly drove a vehicle into the passenger-side door of a U.S. Marshal's vehicle, causing it to slam shut and injure a

1

federal officer's arm.[1] Now before the Court are Defendant's Motion in Limine to Preclude Evidence and Testimony Related to the Defendant's Clothing and Defendant's Motion in Limine to Exclude Proposed Government Exhibits. The Government opposes.[2]

## LEGAL STANDARD

Federal Rule of Evidence 402 plainly provides that "[i]rrelevant evidence is not admissible." Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[3] Nevertheless, otherwise relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[4] "A district court has broad discretion in assessing admissibility under Rule 403."[5]

## LAW AND ANALYSIS

Defendant has moved this Court to exclude evidence and testimony relating to the Defendant's clothing and to exclude various proposed Government exhibits. The Court considers each motion in turn.

---

[1] Doc. 58-1 at 1.
[2] Docs. 82 & 118.
[3] Hicks-Fields v. Harris Cty., 860 F.3d 803, 809 (5th Cir. 2017) (quoting Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 425 (5th Cir. 2006)).
[4] FED. R. EVID. 403.
[5] United States v. Morris, 79 F.3d 409, 412 (5th Cir. 1996).

### *1. Motion to Exclude Evidence and Testimony Related to Defendant's Clothing (Doc. 62)*

Defendant argues that any evidence and testimony related to his clothing worn on the date in question—particularly, a balaclava or "ski mask"—is not relevant, and even if found relevant, it should be excluded under Federal Rule of Evidence 403. The Government responds that this evidence is relevant to confirm Defendant's identity and to prove his intent to assault, resist, oppose, impede, intimidate, or interfere with a federal officer, as required under 18 U.S.C. § 111.

Considering the relevant background leading up to the incident whereby Defendant allegedly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer, the Court finds that the relevancy of Defendant's clothing depends upon the evidence produced and arguments raised at trial. Accordingly, Defendant's Motion to Exclude Evidence and Testimony Related to Defendant's Clothing is **DEFERRED** to trial. In the event the Government finds that this evidence becomes relevant and wishes to introduce evidence or testimony regarding the same, a request to approach the bench should be made to seek permission from the Court to introduce the same.

### *2. Motion to Exclude Proposed Government Exhibits (Doc. 113)*

Defendant moves this Court to exclude various Exhibits that the Government intends to use at trial. Defendant has grouped these exhibits based on subject matter, and this Court considers each group of exhibits in turn.

> *a. Photographs of firearms located during a search of the blue car that agents followed to Arcadia Lane and photos of the blue car itself (Exhibit Numbers 26–32)*

**IT IS ORDERED** that the motion to exclude Exhibit Number 26 is **DENIED**. Exhibit Number 26 is a photo of the blue car that agents followed to

Arcadia Lane on the date of the alleged offense, positioned in the driveway where it stopped just prior to the alleged incident. This Court finds that the exhibit is relevant and poses no risk of unfair prejudice.

**IT IS FURTHER ORDERED** the motion to exclude Exhibit Number 27 is **GRANTED**. Exhibit Number 27 depicts a different angle of the same blue vehicle depicted in Exhibit Number 26. Accordingly, the Court finds that the probative value of this evidence is outweighed by a danger of needlessly presenting cumulative evidence, and it must be excluded.[6]

**IT IS FURTHER ORDERED** that the motion to exclude Exhibit Numbers 28 through 32 is **DEFERRED** to trial. The relevance of these exhibits depends upon the arguments raised and evidence produced at trial. Considering the risk of unfair prejudice, however, in the event the Government finds that this evidence becomes relevant and wishes to introduce evidence or testimony regarding the same, a request to approach the bench should be made to seek permission from the Court to introduce the same.

> b. *Photographs of, and social media posts by other individuals who are not Mr. Cross (Exhibit Numbers 25 and 33–36)*

**IT IS ORDERED** that the motion to exclude Exhibit Numbers 25 and 33 through 36 is **DEFERRED** to trial. The relevance of these exhibits depends upon the arguments raised and evidence produced at trial. Considering the risk of unfair prejudice, however, in the event the Government finds that this evidence becomes relevant and wishes to introduce evidence or testimony regarding the same, a request to approach the bench should be made to seek permission from the Court to introduce the same.

---

[6] FED. R. EVID. 403.

*c. Exhibit Numbers 4, 24, and 39–44*

**IT IS ORDERED** that the motion to exclude Exhibit Number 4 is **DENIED AS MOOT**. The Government states that it will not admit the exhibit in its case-in-chief because the parties have stipulated that "SA Theriot's 'Special Designation' certificate is sufficient and admissible to prove" that she was acting in the scope of her employment.[7]

**IT IS FURTHER ORDERED** that the motion to exclude Exhibit numbers 24, 39, and 40 is **DEFERRED** to trial. The relevance of these exhibits depends upon the arguments raised and evidence produced at trial. Considering the risk of unfair prejudice, however, in the event the Government finds that this evidence becomes relevant and wishes to introduce evidence or testimony regarding the same, a request to approach the bench should be made to seek permission from the Court to introduce the same.

**IT IS FURTHER ORDERED** that the motion to exclude Exhibit Number 42 is **DENIED**. The image depicts white custom-painted tennis shoes with the words "BABY SLIME" written in bright green and black. This Court finds that Exhibit Number 42 is relevant to the identity of Defendant, and there is no risk of unfair prejudice posed by admitting the exhibit.

**IT IS FURTHER ORDERED** that the motion to exclude Exhibit numbers 41, 43, and 44 is **GRANTED**. Exhibit Numbers 41, 43, and 44 depict different angles of the same pair of tennis shoes depicted in Exhibit Number 42. Accordingly, the Court finds that the probative value of this evidence is outweighed by a danger of needlessly presenting cumulative evidence, and these exhibits must be excluded.[8]

---

[7] Doc. 118 at 3.
[8] FED. R. EVID. 403.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion in Limine to Preclude Evidence and Testimony Related to the Defendant's Clothing is **DEFERRED** to trial, and Defendant's Motion in Limine to Exclude Proposed Government Exhibits (Doc. 113) is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART** to trial.

New Orleans, Louisiana this 28th day of February, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**