UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 22-184** |
| **DEANDRE CROSS** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Reconsideration (Doc. 167) of this Court's Order on Defendant's Motion for Acquittal (Doc. 158). For the following reasons, Defendant's Motion for Reconsideration is **DENIED**.

## BACKGROUND

On August 18, 2022, Defendant Deandre Cross was charged in a one-count Indictment with forcible assault on a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and 111(b).[1] After a three-day trial, the jury deadlocked, and the Court declared a mistrial. Defendant thereafter moved for acquittal pursuant to Federal Rule of Criminal Procedure 29(c), and this Court denied the motion. Now before the Court is Defendant's Motion for Reconsideration of this Court's Order on Defendant's Motion for Acquittal. The Government opposes.[2]

---

[1] Doc. 1.
[2] Doc. 176.

1

## LEGAL STANDARD

Although motions for reconsideration in criminal actions are not explicitly authorized in the Federal Rules of Criminal Procedure, the Fifth Circuit has recognized them as a legitimate procedural device.[3] "For such motions, courts have applied the same legal standard for motions for reconsideration in civil cases."[4] Where a court's order is not interlocutorily appealable, the motion for reconsideration thereof is treated as either a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or as a motion seeking relief from judgment under Rule 60(b).[5] Thus, a motion for reconsideration in this context "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[6] "Such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[7] This relief represents "an extraordinary remedy that should be used sparingly."[8]

## LAW AND ANALYSIS

Defendant requests reconsideration of this Court's determination that the Government has not implicitly or constructively amended the Indictment because the Court's ruling failed to address the defense's substantive

---

[3] United States v. Thompson, 79 F. App'x 22, 23 (5th Cir. 2003).
[4] United States v. Evans, No. CR 15-61, 2018 WL 6427854, at *2 (E.D. La. Dec. 7, 2018).
[5] United States v. Rey, 641 F.2d 222, 225 (5th Cir. 1981) ("Denials of motions to acquit are not interlocutorily appealable because, being nothing more than a motion for directed verdict, they are not collateral to the merits but are instead 'precisely directed' to them."); United States v. Preston, No. 3:18-CR-307-K, 2020 WL 1819888, at *2 (N.D. Tex. Apr. 11, 2020).
[6] Edionwe v. Bailey, 860 F.3d 287, 294 (5th Cir. 2017) (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)); *Preston*, 2020 WL 1819888, at *2.
[7] *Edionwe*, 860 F.3d at 294 (quoting *Templet*, 367 F.3d at 479).
[8] *Id.* (quoting *Templet*, 367 F.3d at 479).

argument.[9] Defendant notes that his constructive amendment argument was based on the Indictment's allegation that he "inflicted bodily injury" in committing the charged crime, not the allegation that he used a weapon, which this Court addressed in its Order and Reasons.[10] The Government responds that the Motion for Reconsideration should be denied because the Court's ruling did not rely upon manifest errors of law or fact, and there has been no newly discovered evidence. Because Defendant indeed does not offer any newly discovered evidence to support his Motion for Reconsideration, the Court must consider whether it committed "manifest error of law or fact" by failing to address Defendant's constructive amendment argument.[11]

In its Order and Reasons denying Defendant's motion for acquittal, the Court began its analysis by considering the precise facts alleged in the Indictment. The Court then compared the factual averment with the Government's theory of conviction offered at trial to determine if a conviction based "on a materially different theory or set of facts than that with which [he] was charged" would result.[12] The Court specifically found that the Indictment did not charge Defendant with intentionally clipping the U.S. Marshal's car door, as suggested by Defendant, so the Government was not limited to that theory.[13] Conversely, the Court noted that the Indictment's only mention of a car *at all* was a reference to Defendant's "white Buick Lacrosse," thereby limiting the theories by which Defendant may have committed the charged crime—but not in the manner as suggested by Defendant.[14]

---

[9] Doc. 167-1.
[10] *Id.* at 2.
[11] *See Edionwe*, 860 F.3d at 294 (quoting *Templet*, 367 F.3d at 479).
[12] Doc. 158 at 8–9 (first laying out the standard and then beginning the Court's analysis with the facts alleged in the Indictment).
[13] *Id.* at 9.
[14] *Id.*

3

Indeed, Defendant asked this Court to make a leap of logic to *infer* from the Indictment's charge that Defendant "inflict[ed] bodily injury to B.T." that the "*only* forcible conduct that could have 'resulted in the infliction of bodily injury' to Agent Theriot was hitting the door and causing it to slam shut on her arm."[15] This Court declined to do so, instead finding that the Indictment charges Defendant with a series of proscribed acts—none of them being "clipping the Marshal's car door"—that clearly encompass the forcible act that the Government alleges Mr. Cross committed.

The Court therefore finds that it previously disposed of Defendant's argument regarding the constructive amendment in its May 3, 2024 Order and Reasons. Because the Court's refusal to adopt Defendant's line of reasoning is not a "manifest error of law or fact," his request for reconsideration must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration of this Court's Order on Defendant's Motion for Acquittal is **DENIED**.

New Orleans, Louisiana this 15th day of May, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[15] Doc. 152 at 3 (emphasis added).