UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 22-184** |
| **DEANDRE CROSS** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Deandre Cross's Motion to Dismiss the Indictment Based on Violation of the Double Jeopardy Clause (Doc. 154). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On August 18, 2022, Defendant Deandre Cross was charged in a one-count Indictment with assault on a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and 111(b).[1] After a three-day trial, the jury deadlocked, and the Court declared a mistrial. Now before the Court is Defendant Deandre Cross's Motion to Dismiss the Indictment Based on Violation of the Double Jeopardy Clause. The Government opposes.[2]

---

[1] Doc. 1.
[2] Doc. 160.

1

## LEGAL STANDARD

"The Fifth Amendment's Double Jeopardy Clause protects a criminal defendant from repeated prosecutions for the same offense."[3] The Fifth Amendment also protects a defendant's "right to a complete trial by the jury first selected and impaneled."[4] "When a defendant's trial is terminated prior to verdict, the circumstances of the termination determine whether the Fifth Amendment bars retrial."[5] Where the defense moves for, or consents to, a mistrial, he may be retried in a later proceeding.[6] Where a trial is terminated over the objections of defense counsel, retrial is barred absent "manifest necessity."[7]

Where, as here, defense counsel has impliedly consented to a mistrial by failing to timely object,[8] the Double Jeopardy Clause may nevertheless "bar retrial if the government 'intended to goad the defendant' into requesting a mistrial."[9] "But this standard is exacting."[10] Retrial is barred only where "bad faith conduct by judge or prosecutor threatens the harassment of an accused . . . so as to afford the prosecution a more favorable opportunity to convict the defendant."[11] Government conduct that might be viewed as harassment,

---

[3] Martinez v. Caldwell, 644 F.3d 238, 242–43 (5th Cir. 2011).
[4] *Id.* at 243.
[5] *Id.*
[6] United States v. Palmer, 122 F.3d 215, 218 (5th Cir. 1997). "And, if a defendant fails to timely object to a mistrial declaration, he is held to have impliedly consented to the mistrial and may be retried in a later proceeding." *Id.*
[7] *Martinez*, 644 F.3d at 243 (citing Oregon v. Kennedy, 456 U.S. 667, 672 (1982)). A hung jury is the "prototypical example" of manifest necessity. *Kennedy*, 456 U.S. at 672 (citing Arizona v. Washington, 434 U.S. 497, 509 (1978); Illinois v. Somerville, 410 U.S. 458, 463 (1973)).
[8] Doc. 142 at 85–86. Defense counsel did not object to the Court declaring a mistrial.
[9] *Martinez*, 644 F.3d at 243 (citing United States v. Wharton, 320 F.3d 526, 531 (5th Cir. 2011)).
[10] *Id.*
[11] United States v. Dinitz, 424 U.S. 600, 611 (1976) (alterations omitted) (internal citations omitted).

2

overreaching, or gross negligence is insufficient to bar retrial of a defendant.[12] "The defendant[] ha[s] to show that the Government acted improperly with the purpose and intent of causing the defense to agree to a mistrial."[13]

## LAW AND ANALYSIS

Defendant asks this Court to "infer that the prosecution's misstatements [during closing argument] were intended to goad the defense into requesting a mistrial in addition to preventing the jury from returning a not guilty verdict, which appeared likely following the close of evidence."[14] The Court notes, however, that "speculation about the prosecutor's knowledge and intent will not support a double jeopardy argument."[15] Accordingly, this Court must consider the record evidence and determine whether it supports a finding of Government misconduct with the purpose and intent of goading the defendant into consenting to a mistrial.

Defendant first argues that the Government "repeatedly asserted that Mr. Cross had to intend the forcible act against Agent Theriot that allegedly inflicted injury—*i.e.*, hitting the passenger side door of the Marshal's vehicle that she was standing behind."[16] Thus, when the Government argued that Defendant did not have to intend to hit the Marshal's door to be convicted,

---

[12] *Martinez*, 644 F.3d at 243 (citing *Dinitz*, 424 U.S. at 611).
[13] United States v. El-Mezain, 664 F.3d 467, 561 (5th Cir. 2011).
[14] Doc. 154-1 at 12.
[15] *El-Mezain*, 664 F.3d at 563 (citing United States v. Nichols, 977 F.2d 972, 974 (5th Cir. 1992); United States v. Doyle, 121 F.3d 1078, 1087 (7th Cir. 1997)).
[16] Doc. 154-1 at 4. Defendant also argues that the Government, for the first time at the charge conference, asserted that it "believed Mr. Cross could be found guilty of the charged offense even if he was just trying to go around the Marshal's vehicle and accidentally clipped the door." Doc. 154-1 at 7. To provide more context, however, the Government asserted that "we will argue of this idea of him maneuvering off five degrees or whatever it was, it doesn't matter because all those other conducts are covered under the statute." Doc. 142 at 401–02. The "other conducts" include assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer.

Defendant asserts that the Government changed its theory of conviction during trial with the purpose and intent of causing Defendant to consent to a mistrial. This Court considered and rejected a similar argument in its May 3, 2024 Order and Reasons denying Defendant's Motion for Acquittal.[17] Because the Government has contended from the very beginning of this trial that Defendant could be convicted upon a jury finding that he committed any one enumerated act, Defendant's first argument fails.[18]

Defendant next argues that the Government "misrepresented the intent requirement to the jury in closing arguments to avoid the possibility of acquittal," namely by "separating" the intent element from the "forcible act" element.[19] Defendant particularly raises concern with the following arguments made by the Government in closing argument:

- "[Defendant] was in the blue car with a gun, an intentional act."[20]
- "He got out of the blue car and into the white car. That's an intentional act."[21]
- "He turned on the keys to the ignition, an intentional act."[22]
- "As law enforcement officers came up behind them with their lights on, he took off. An intentional act."[23]

---

[17] *See* Doc. 158 at 8–9.
[18] *See, e.g.*, Doc. 1; Doc. 63-1 at 3 (listing the acts prohibited by 18 U.S.C. § 111 by use of the disjunctive "or"); Doc. 68 at 4 (same); Doc. 140 at 13 (Government asserting that the Court has "ruled that we don't have to prove that [Defendant] intentionally intended to hit Brittany Theriot"). Additionally, at the charge conference, counsel for Defendant and the Government agreed that the Fifth Circuit's "Unanimity of Theory" pattern jury instruction should be omitted.
[19] Doc. 154-1 at 7 & 9.
[20] Doc. 142 at 22.
[21] *Id.*
[22] *Id.*
[23] *Id.*

4

- "Cross slammed on the gas and sped out, an intentional act. He kept driving, he didn't stop, and he didn't slow down. These are all intentional acts."[24]
- "And then he continued to flee, an intentional act."[25]

Even if the Court found this line of reasoning to be "contrary to the law and jury instructions" as suggested by Defendant, the Court still must find an intent by the Government to goad Defendant into requesting a mistrial. Providing context, the Government explains that its

> list of intentional actions taken by the defendant was intended to help the jury evaluate the defendant's intent. The government was certainly not trying to suggest that any one of those acts, taken alone, would be sufficient to establish guilt under the statute. . . . But looking at each of the defendant's voluntary and intentional actions in the chain of events certainly negates any idea that this was simply a mistake or accident.[26]

And the Government's argument makes sense considering Defendant's arguments during and after trial that he only intended to flee—not clip the Marshal's door—and should therefore be acquitted.[27]

Indeed, in responding to defense counsel's Rule 29 motion after resting her case, the Government argued that it had shown "a series of intentional conduct by the defendant that satisfies the elements of the statute" and asked the Court to deny the motion.[28] Accordingly, even if this Court found the

---

[24] *Id.*
[25] *Id.*
[26] Doc. 160 at 7.
[27] *See, e.g.*, Doc. 140 at 143 ("According to two of the people there, one of them being his girlfriend, they said that he fled because he was scared. He knew it was the police, but he was scared."); Doc. 142 at 40 ("What's consistent is that Deandre was heading parallel, away from [the Marshal's vehicle], and [Agent Theriot] opened the door. . . . Think about this, Deandre is driving his SUV. He wants to leave the scene. He's clearly leaving, which is totally fine. He has done nothing wrong.").
[28] Doc. 142 at 17.

Government's argument to be a misstatement of law, the Court is unable to conclude that it would amount to harassing, overreaching, or gross negligence, where the Government previously stated on the record that it believed the "*series* of intentional conduct" satisfied the elements of the charged offense.

Defendant also contends that the following arguments by the Government amount to misconduct with the purpose and intent of goading the defendant into requesting a mistrial:

- "[C]onsider the recorded jail call that you heard. You heard Mr. Cross say himself that he would have been gone if it wasn't for the RTA bus. Obviously, Cross intentionally impeded, resisted, and opposed. He fled and he admitted that in the recorded jail call."[29]
- "Now, we don't know what Mr. Cross was up to that day, but we do know that he was in a car with a gun, put on a ski mask, got into a different car, and as police started to approach from behind with their lights on, and sirens, he sped away. He was clearly trying to flee, and he did so in a forcible manner when his car struck the SUV. That violates the law."[30]

The Court finds that the above-cited arguments do not indicate any intent to goad the defendant into requesting a mistrial. At trial, the parties raised similar arguments to those now before the Court, and the Court instructed the parties that it had "given [the parties] the law that [it] intend[s] to charge the jury with. You can make your argument as to how the facts fit into those legal parameters . . . ."[31] The above-cited portions of the

---

[29] *Id.* at 22.

[30] *Id.* at 24.

[31] *Id.* at 14. And again, in resolving another motion for acquittal, the Court instructed the parties that "there has been a disagreement whether or not certain facts fall within the statute, and . . . I will remind [the jury] that they are the judges of the facts, I will present

6

Government's closing argument are exactly that—arguments as to how Defendant "intentionally impeded, resisted, and opposed" Special Agent Theriot "in a forcible manner" while she was engaged in official duties.[32] These arguments do not evince any bad intent on the Government's behalf,[33] but rather, show a suggested application of the facts to the elements of the offense that this Court has set forth time and time again. Accordingly, Defendant has failed to demonstrate that the Government acted in bad faith to threaten him and "to afford the prosecution a more favorable opportunity to convict [him]."[34]

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 15th day of May, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

the law, and they are going to have to make that determination. . . . I'm going to allow the jury to make a determination as to whether the facts here are sufficient." *Id.* at 56.

[32] *Id.* at 22 & 24.

[33] *See, e.g.*, United States v. Wright, 622 F.2d 792, 795 (5th Cir. 1980), *abrogated on other grounds by* United States v. Singleterry, 683 F.2d 122 (5th Cir. 1982) ("If the prosecutorial overreaching alleged . . . really was so egregious, it would seem that [defense counsel] would have been 'forced' to request a mistrial as each incident of misconduct occurred. Yet on the occurrence of only two of these alleged incidents did [defendant] request the declaration of a mistrial. Both times the motions were overruled."). In *Wright*, the Fifth Circuit went on to conclude that the alleged overreaches were "not of the magnitude that indicates a deliberate attempt by the prosecution to taint the trial proceedings and force the defendant to request a mistrial." *Id.* at 795–96. Defendant also fails to establish that "any governmental overreaching during the trial *directly caused* [the defendant] to request a mistrial when the jury became unable to reach a verdict." *See id.* at 795 (emphasis added).

[34] *Dinitz*, 424 U.S. at 611 (alterations omitted) (internal citations omitted).